# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JANETTE VOMUND, as Personal Representative of the Estate of JARED C. MARTIN, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:08CV76 |
| vs. | ) ) | ORDER |
| SIGNOR TRUCKING, INC, and MARK M. STRATHMAN, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion for Leave to File ***Daubert*** Motion Out of Time (Filing No. 53). The defendants filed a brief (Filing No. 55) in opposition to the motion. The plaintiff filed a brief (Filing No. 56) in reply.

The plaintiff seeks leave to file out of time a motion pursuant to ***Daubert v. Merrell Dow Pharms.,*** 509 U.S. 579 (1993), to preclude certain expert witness testimony at trial. Specifically, the plaintiff states she cannot file a ***Daubert*** motion until receipt of the deposition transcript of Dr. Ted Sokol, Ph.D. The parties deposed Dr. Sokol, the defendants' expert witness, on April 14, 2009, and the transcript is due "shortly." Dr. Sokol testified during his deposition about the reliability of a "slap mark" on a speedometer to determine the speed of a vehicle at the time of a collision. In particular, Dr. Sokol would not rely upon a slap mark alone to determine speed. The plaintiff's expert witness, Thomas Alcorn, P.E., gave testimony on March 6, 2009, that there was no scientific support for a slap mark being indicative of speed in a side collision. However, on November 19, 2008, Investigating Officer, Deputy Paul Osterhoudt, testified there was a slap mark on the speedometer from the vehicle involved in this case that indicated the decedent's vehicle was traveling 46 m.p.h. at the time of the collision. The plaintiff concludes there is no scientific basis, literature or research showing the reliability of any slap mark to indicate speed. The plaintiff filed the instant motion on May 6, 2009, and seeks leave to file a ***Daubert*** motion within ten days of this order. **See** Filing No. 53.

The defendants oppose the plaintiff filing a ***Daubert*** motion out of time. The defendants argue the plaintiff had Deputy Osterhoudt's testimony and Dr. Sokol's opinion by February 6, 2009. **See** Filing No. 55 - Brief. At that time, Dr. Sokol's opinion stated he relied on the existence of a slap mark as one of a number of factors to determine the decedent's speed. Furthermore, the defendants contend the evidence the plaintiff seeks to exclude is not the type of scientific evidence which is subject to a ***Daubert***-type motion. More to the point, the defendants assert the slap mark evidence is merely a fact which corroborates the expert's scientific conclusion, rather than a scientific methodology.

On September 29, 2008, the court entered a progression order setting February 26, 2009, as the deadline for ***Daubert*** motions. **See** Filing No. 36 ¶ 5. The parties' expert disclosure deadlines originally concluded on January 21, 2009, but were extended to March 20, 2009. **See** *id.*; Filing No. 41 (Text Order). No party sought an extension of the ***Daubert*** motion deadline. The Final Pretrial Conference is scheduled for June 19, 2009, with trial to follow on July 20, 2009. **See** Filing No. 36 ¶¶ 6, 8.

Under Fed. R. Civ. P. 16(b)(4) a progression order schedule "may be modified only for good cause." **See also** Fed. R. Civ. P. 6(b)(1). "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" ***Thorn v. Blue Cross & Blue Shield of Fla., Inc.***, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." ***Financial Holding Corp. v. Garnac Grain Co.***, 127 F.R.D. 165, 166 (W.D. Mo. 1989). In addition to the good cause requirement, when "a motion [is] made after the time has expired," the court may extend time "if the party failed to act because of excusable neglect." **See** Fed. R. Civ. P. 6(b)(1)(B).

The court finds the plaintiff failed to provide good cause for the extension requested. The plaintiff has been aware of the slap mark issue since, at the latest, February 6, 2009. Additionally, the plaintiff deposed the subject expert witness on April 14, 2009, but did not file the instant motion until May 6, 2009. The plaintiff explained some difficulty in setting the expert's deposition, however such delay does not excuse the plaintiff's failure to seek

an extension of the *Daubert* motion deadline until now. Further, the extension requested would require rescheduling the pretrial conference and trial. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion for Leave to File *Daubert* Motion Out of Time ([Filing No. 53](#)) is denied.

DATED this 28th day of May, 2009.

                                                      BY THE COURT:

                                                     s/Thomas D. Thalken
                                                   United States Magistrate Judge